# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| WILLARD H. CAIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:24-cv-01083-CLM-HNJ |
| | ) |
| STEVE T. MARSHALL, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff Willard H. Cain ("Cain") initiated this action by filing a *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging violations of his federal constitutional rights. (Doc. 1). Cain asserts the State incarcerated him without due process of law and equal protection of the laws in violation of the United States Constitution. (Doc. 1 at 5, 11-12). Cain seeks a preliminary hearing in state court which comports with constitutional requirements and a declaratory judgment his state court criminal proceedings violated his constitutional rights. (Doc. 1 at 5).

The court **WARNS** Cain that this court **MAY NOT** vacate his state court conviction or order his release from custody in an action brought pursuant to 42 U.S.C. § 1983. Cain may seek monetary and injunctive relief under 42 U.S.C. § 1983, but not the vacatur of his conviction or his release from custody. Subject to the limitations

contained in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and other relevant law, Cain may challenge his confinement through a habeas petition.[1]

In addition, Cain filed an application to proceed *in forma pauperis* seeking the waiver of the filing fee. (Doc. 2). Whether Cain pursues habeas relief or relief under § 1983, he may apply to proceed *in forma pauperis*. However, the filing fee and other legal requirements differ depending on the type of action. Congress set a $5.00 fee for the filing of a federal habeas action but said filing fee may be waived entirely by the court. *See* 28 U.S.C. §§ 1914, 1915(a). Congress set a $350.00 fee for the filing of a § 1983 action. 28 U.S.C. § 1914(a). While the court may waive *prepayment* of the § 1983 filing fee in whole or in part, Cain would be responsible for paying the full filing fee through collections from his prison or jail account. *See* 28 U.S.C. §§ 1915(a), (b).

The undersigned **ORDERS** Cain to notify the court within **30 days** from the entry date of this Order whether he wishes to (1) continue with this action pursuant to

---

[1] Caselaw reasonably establishes the distinction between claims litigants may advance pursuant to § 1983 and those they may advance as habeas petitions. Claims challenging the conditions of a prisoner's confinement constitute § 1983 actions, not habeas actions. *See Hill v. McDonough*, 547 U.S. 573, 579 (2006) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus. An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983.") (citations omitted). Conversely, habeas actions challenge a prisoner's conviction, or the sentence imposed on him by a court. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"). That is, when a prisoner lodges a claim that, if successful, would shorten or invalidate his term of imprisonment, he must pursue the claim as a habeas petition, not as a § 1983 claim. *See Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (stating where success in the action would not "necessarily spell [immediate or] speedier release" for the prisoner, the remedy does not fall within the "the core of habeas corpus" (internal quotation marks and citation omitted)).

2

42 U.S.C. § 1983; (2) dismiss this action without prejudice to allow him an opportunity to pursue his state-court remedies; [2] or (3) continue with this action as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[3] If Cain fails to notify the court

---

[2] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires a state prisoner to exhaust all remedies available to him in the state courts, including state habeas corpus remedies, prior to filing a federal habeas petition. In his filings with this court, Cain does not assert he sought redress from the Alabama state courts prior to filing this cause of action. (*See* Doc. 1). A review of Cain's state-court records indicates the St. Clair County Circuit Court sentenced Cain to 14 years in prison on May 28, 2024, following his guilty-plea convictions on all charges lodged against him. *See State v. Cain*, 75-CC-2023-000181.00, *Case Action Summary* at 3-6. *See also See Paez v. Sec'y Fla. Dep't of Corr.*, 947 F.3d 649, 651-52 (11th Cir. 2020) (stating a federal habeas court may take judicial notice of state court dockets). The state court records further reflect Cain did not appeal his conviction to the Alabama Court of Criminal Appeals ("ACCA") and has not filed a petition pursuant to Rule 32 of the Alabama Rules of Criminal Procedure. *See State v. Cain*, 75-CC-2023-000181.00, *Case Action Summary* at 6.

Before presentation of his or her federal habeas claims to a federal court for review, a petitioner challenging a state court conviction must *properly* exhaust his state court remedies by "invoking one complete round of the State's established appellate review process" to provide "the state courts a full and fair opportunity to resolve federal constitutional claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 848 (1999). In Alabama, one complete round of the appellate review process includes presentation of the petitioner's federal habeas claims to the ACCA and Alabama Supreme Court. *See Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003) (finding "no error in the district court's conclusion that [the petitioner] failed to exhaust his state remedies by not petitioning the Alabama Supreme Court for discretionary review of the denial of his state habeas petition"). Therefore, to properly exhaust a federal habeas claim challenging a conviction and/or sentence issued by an Alabama state court, a petitioner must present the claim to the state trial court, to the ACCA through an appeal, *and* to the Alabama Supreme Court through a petition for discretionary review. *See id.*; *Smith v. Jones*, 256 F.3d 1135, 1140-41 (11th Cir. 2001); ALA. R. APP. P. 39, 40. A petitioner may properly exhaust his federal habeas claim in Alabama state courts either by a presentation of the claim through a direct appeal of the conviction/sentence or through a state post-conviction motion, typically a Rule 32 petition, and appeal therefrom. *See Pruitt*, 348 F.3d at 1359; *Smith*, 256 F.3d at 1140-41.

[3] The undersigned **WARNS** Cain the filing of a § 2254 habeas petition in federal court **DOES NOT** toll the running of AEDPA's one-year statute of limitations. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding "that an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)" and does not toll AEDPA's statute of limitations); *Moore v. Sec'y, Fla. Dep't Corr.*, 762 F. App'x 610, 620 n.5 (11th Cir. 2019) (unpublished) (per curiam) (stating petitioner's federal habeas petition "does not toll the one-year AEDPA statute of limitations" (citing *Duncan*, 533 U.S. at 181-82)). If Cain intends to challenge the May 28, 2024, actions of the St. Clair County Circuit Court in state court, he should do so as soon as possible. If Cain properly files a Rule 32 petition in state court, the one-year federal

within the allotted time, this action may be dismissed without further notice for want of prosecution. The undersigned **DIRECTS** the Clerk of Court to serve this order on Cain along with the court's 28 U.S.C. § 2254 habeas petition form.

**DONE** and **ORDERED** this 21st day of August, 2024.

_____
HERMAN N. JOHNSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

habeas statute of limitations will be tolled while said Rule 32 petition remains pending in state court. *See* 28 U.S.C. § 2244(d)(2).

The undersigned **FURTHER WARNS** Cain that if he files a § 2254 habeas petition, this court will **RECHARACTERIZE** this action to a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Such recharacterization may subject any subsequent § 2254 habeas petition he files to the restriction on second or successive habeas petitions under 28 U.S.C. § 2244(b). *See Castro v. United States*, 540 U.S. 375, 383 (2003) (finding when a district court recharacterizes a *pro se* petitioner's pleading as a first § 2255 motion, the court must: (1) notify the petitioner the court intends to recharacterize the pleading; (2) warn the petitioner the recharacterization will subject any subsequent § 2255 motion to the restriction on "second or successive" motions; and (3) provide the petitioner an opportunity to withdraw the motion or amend it to include all available § 2255 claims); *Ponton v. Sec'y, Fla. Dep't of Corrs.*, 891 F.3d 950, 953 n.3 (11th Cir. 2018) ("Although the *Castro* decision involved only pleadings recharacterized as § 2255 motions, its premise is that recharacterization can harm litigants because any later § 2255 motion is subject to restrictive conditions on second or successive motions….That same principle applies where a litigant's pleading is recharacterized as a § 2254 petition….As a result, the *Castro* notice-and-warning requirement applies to pleadings recharacterized as § 2254 petitions." (citations omitted)); *Wilson v. Sec'y, Fla. Dep't of Corrs.*, No. 20-13558, 2022 WL 17176707, at *1 (11th Cir. Nov. 23, 2022) ("When a district court uses its power to recharacterize a *pro se* motion, however, it must warn the *pro se* litigant that it is recharacterizing his motion into a habeas petition, that this characterization likely will limit the litigant's ability to file successive petitions, and that the litigant needs to file an amended petition or withdraw his motion." (citing *Castro*, 540 U.S. at 383)).