# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| WILLARD H CAIN., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:24-cv-01083-CLM-HNJ |
| STEVE T MARSHALL, et al., | ) ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Willard H. Cain ("Cain") filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 alleging violations of his rights under the Constitution or laws of the United States. (Doc. 1). Cain names the following defendants in his complaint: Steve T. Marshall, Alabama State Attorney General; District Judge Phil K. Seay; Assistant District Attorney Carol Boone; and Attorney Johnathon Morrison (Doc. 1 at 1, 2-3). Cain seeks declaratory and injunctive relief. (Doc. 1 at 5). In accordance with its usual practice, the court referred the complaint to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1). *See McCarthy v. Bronson*, 500 U.S. 136 (1991). For the following reasons, the undersigned **RECOMMENDS** the court **DISMISS** this action **WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1) for Cain's failure to state a claim upon which relief can be granted.

### I. STANDARD OF REVIEW

The Prison Litigation Reform Act requires this court to screen prisoners'

complaints against government officers or employees. *See* 28 U.S.C. § 1915A. The court must dismiss these complaints, in whole or in part, if they are frivolous or malicious, seek monetary damages from a defendant immune from monetary relief, or do not state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b). The court has the discretion under § 1915A(a) to dismiss a prisoner's complaint *sua sponte* and prior to service.

Under § 1915A(b)(1), a claim "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). For example, a claim seeking relief from defendants who are immune from suit stands frivolous as a matter of law. *Id.* at 327. The same conclusion applies to a claim seeking to enforce a legal right that does not exist, including those based on fantastic or delusional scenarios. *Id.* at 327-28.

The legal standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) determines whether a complaint states a valid claim under 28 U.S.C. § 1915A(b)(1). *See Jones v. Bock*, 549 U.S. 199, 215 (2007). Therefore, to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). A plaintiff must provide

"more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level," and a complaint should be a "'plain statement' possess[ing] enough heft to 'show that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555, 557 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration adopted). Contrastingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. at 679. In addition, the court should dismiss a claim when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint. *Jones*, 549 U.S. at 215.

A *pro se* pleading "is held to a less stringent standard than a pleading drafted by an attorney" and should be liberally construed, *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015), yet it still must include factual allegations that "raise a right to relief above the speculative level[,]" *Saunders v. Duke*, 766 F.3d 1262, 1266 (11th Cir. 2014) (internal quotation marks and citation omitted).

3

## II. FACTUAL ALLEGATIONS

On March 30, 2023, state authorities arrested Cain without reading him his Miranda rights. (Doc. 1 at 5, 11). The named defendants subsequently denied Cain bond pursuant to Aniah's Law, a purportedly unconstitutional state law, thereby imposing excessive bail in violation of the Eighth Amendment. (Doc. 1 at 11). As a result, the State housed Cain in the St. Clair County Jail from March 30, 2023, until July 28, 2024, in violation of his constitutional rights. (Doc. 1 at 11).

The named defendants deprived Cain of his liberty without due process of law and equal protection of the law when they failed to hold a preliminary hearing in Cain's underlying state court criminal trial. (Doc. 1 at 5, 11). Cain contends he did not waive his right to a preliminary hearing. (Doc. 1 at 11). Thus, the lack of a preliminary hearing violated Cain's constitutional right to call witnesses, right to cross-examine witnesses, right to present evidence, and right to testify in his own defense. (Doc. 1 at 12).

Finally, Cain asserts counsel in his underlying state court criminal trial rendered ineffective assistance of counsel because he helped prosecute Cain by inducing Cain to plead guilty vis-à-vis coercion, threats, and false promises. (Doc. 1 at 12).

The State currently detains Cain at the Kilby Correctional Facility in Mount Meig, Alabama. (Doc. 1 at 2).

## III. ANALYSIS

Cain argues his continued incarceration violates his Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights under the United States Constitution. (Doc. 1 at 5,

4

11-12). Cain seeks a preliminary hearing in state court which complies with the United States Constitution and a judgment declaring his underlying state court criminal trial unconstitutional. (*See* Doc. 1 at 5).

Cain cannot pursue his claims regarding the legality of his underlying criminal proceeding in a § 1983 action. Cain's claims represent a challenge to the constitutionality of his criminal conviction, and a judgment for Cain would necessarily imply the invalidity of said conviction. Cain admits as much in his complaint. (*See* Doc. 1 at 5 (seeking a declaratory judgment from this court "that this judicial process and proceeding is unconstitutional"). As such, his "claims fall within the 'core' of habeas corpus and are thus not cognizable when brought pursuant to § 1983." *Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)); *see also Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006) ("[28 U.S.C. § 2254 and 42 U.S.C. § 1983] are mutually exclusive: if a claim can be raised in a federal habeas petition, that same claim cannot be raised in a separate § 1983 civil rights action." (citing *Nelson*, 541 U.S. at 643)).

> As the Eleventh Circuit Court of Appeals explained in *Hutcherson*:
>
> The line of demarcation between a § 1983 civil rights action and a § 2254 habeas claim is based on the effect of the claim on the inmate's conviction and/or sentence. When an inmate challenges the "circumstances of his confinement" but not the validity of his conviction and/or sentence, then the claim is properly raised in a civil rights action under § 1983. However, when an inmate raises any challenge to the "lawfulness of confinement or [the] particulars affecting its duration," his claim falls solely within "the province of habeas corpus" under § 2254. Simply put, if the relief sought by the inmate would either invalidate his conviction or sentence or change

> the nature or duration of his sentence, the inmate's claim must be raised in a § 2254 habeas petition, not a § 1983 civil rights action.

468 F.3d at 754 (internal citations omitted).

Given the foregoing review, the undersigned would typically construe this action as a matter seeking relief pursuant to 28 U.S.C. § 2254. *See Hutcherson*, 468 F.3d at 754 ("If the court determines that the claim does challenge the lawfulness of the inmate's conviction or sentence, then the court must treat the inmate's claim as raised under § 2254, and it must apply the AEDPA's attendant procedural and exhaustion requirements to the claim." (citing *Nelson*, 547 U.S. at 643)). However, this court previously denied Cain's § 2254 habeas petitions on exhaustion grounds.[1] *See Willard H Cain v. Gwendolyn Babers, et al.*, 4:24-cv-01808-ACA-HNJ, ECF 12 & 13 (N.D. Ala. May 30, 2025) (dismissing Cain's § 2254 petition without prejudice to allow him an opportunity to exhaust his state court remedies). Because there exists no evidence Cain has since exhausted his state-court remedies, construing this action as a matter seeking relief pursuant to 28 U.S.C. § 2254 would ultimately result in dismissal without prejudice of Cain's claims.

In the alternative, Cain cannot obtain the relief he seeks *vis-a-vis* a § 1983 action as no state or federal court has overturned his fact of conviction. "A § 1983 action cannot be used to collaterally attack a conviction or sentence unless the underlying

---

[1] The undersigned notes Cain raised the same claims in his § 2254 habeas petition that he raises in the instant § 1983 case. *See Willard H Cain v. Gwendolyn Babers, et al.*, 4:24-cv-01808-ACA-HNJ, ECF 1 at 5-10 (N.D. Ala. Dec. 27, 2024).

conviction or sentence 'has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'" *Siskos v. Sec'y, Dep't of Corrs.*, 817 F. App'x 760, 763 (11th Cir. 2020)[2] (per curiam) (quoting *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). In addressing a § 1983 plaintiff's claim for damages, the United States Supreme Court explained:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486-487 (footnote citation omitted). The Supreme Court later clarified that this principle applies regardless of the relief sought, whether it be monetary, declaratory, or injunctive relief. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

7

conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of confinement or its duration.")).

Therefore, to the extent Cain seeks declaratory, injunctive, and/or monetary relief, (*see* doc. 1 at 5), to redress injuries sustained due to his allegedly illegal conviction in the St. Clair County Circuit Court, said relief implicates state criminal proceedings which have not been invalidated by a state or federal court.  Therefore, this court must dismiss his claims as premature.

Cain failed to state a claim for which relief can be granted.  As such, this action warrants dismissal pursuant to 28 U.S.C. § 1915A(b)(1).

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** the court **DISMISS** this action **WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1) for Cain's failure to state a claim upon which relief can be granted.

## V. NOTICE OF RIGHT TO OBJECT

The plaintiff may file specific written objections to this report and recommendation.  Any objections must be filed with the Clerk of Court within **14 days.** The plaintiff must identify every objectionable finding of fact or recommendation and state the specific basis for every objection.  The plaintiff also must identify every claim in the complaint that the report and recommendation has not addressed.  Objections should not contain new allegations, present additional evidence, or repeat legal arguments.

A plaintiff who fails to object to factual or legal conclusions in the Magistrate Judge's report and recommendation waives the right to challenge on appeal those same conclusions adopted in the District Judge's order. Without a proper objection, however, the court on appeal may review the unobjected-to factual and legal conclusions for plain error if necessary in the interests of justice. 11th Cir. R. 3-1.

After receiving the plaintiff's objections, a District Judge will conduct a *de novo* review of the relevant portions of the report and recommendation and may accept, reject, or modify in whole or in part the Magistrate Judge's findings of fact and recommendations. The District Judge also may refer this action back to the Magistrate Judge with instructions for further proceedings.

The plaintiff may not appeal the Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. The plaintiff may appeal only from a final judgment entered by a District Judge.

**DONE** this 29th day of July, 2025.

_____
HERMAN N. JOHNSON, JR.
UNITED STATES MAGISTRATE JUDGE